IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                    No. 14-CR-3758 JCH

LUIS MENDOZA-ALARCON and
GIOVANNI MONTIJO-DOMINGUEZ,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Giovanni Montijo-Dominguez's Motion for Judgment of Acquittal Pursuant to Rule 29, or in the Alternative, Motion for New Trial Pursuant to Rule 33 of the Federal Rules of Procedure. **[Doc. 206]** After careful consideration of the motion, briefs, and relevant law, the Court concludes that Defendant Montijo-Dominguez's motion shall be denied.

A two-week jury trial was held in this case beginning May 22, 2017. After the Government closed its case on May 26, 2017, Defendant Montijo-Dominguez moved for judgment of acquittal pursuant to Rule 29. **[Tr. Vol. 5; pp. 1250, 1252-53]** The Court denied the motion, concluding that the Government had presented sufficient evidence upon which a reasonable jury could find Defendant Montijo-Dominguez guilty of conspiracy. **[Tr. Vol. 5; pp. 1253-54]** Co-Defendants Luis Mendoza-Alarcon and Montijo-Dominguez then presented

evidence in their defense. On June 2, 2017, the jury returned its verdict, finding Defendants Montijo-Dominguez and Mendoza-Alarcon guilty of conspiracy.

Defendant Montijo-Dominguez now argues that he is entitled to judgment of acquittal on the basis that there was no evidence to support any of the elements of the conspiracy of which he was convicted or, in the alternative, that he is entitled to a new trial in the interest of justice. **[Doc. 206]** The Government opposes the motion and describes the evidence supporting each element of the conviction. **[Doc. 211]**

### Rule 29 Motion for Judgment of Acquittal

In considering a motion for judgment of acquittal, the Court views "the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the government to determine whether there is sufficient evidence from which a jury could find that the defendant is guilty beyond a reasonable doubt." *United States v. Lopez*, 576 F.2d 840, 843 (10th Cir. 1978). The Court does not "weigh conflicting evidence or consider the credibility of the witnesses, but simply determine[s] whether [the] evidence, if believed, would establish each element of the crime." *United States v. Vallo*, 238 F.3d 1242, 1247 (10th Cir. 2001) (second alteration in original) (internal quotation marks and citation omitted). A Court will only reverse a conviction if "no reasonable juror could have reached the disputed verdict." *United States v. Isaac-Sigala*, 448 F.3d 1206, 1210 (10th Cir. 2006) (internal quotation marks and citation omitted). "[T]he evidence, together with the reasonable inferences to be drawn therefrom, must be substantial, but it need not conclusively exclude every other reasonable hypothesis and it need not negate all possibilities except guilt." *United States v. Rufai*, 732 F.3d 1175, 1188 (10th Cir. 2013) (alteration in original) (internal quotation marks and citation omitted).

A conspiracy conviction requires proof beyond a reasonable doubt of: "(1) an agreement

by two or more persons to violate the law; (2) knowledge of the objectives of the conspiracy; (3) knowing and voluntary involvement in the conspiracy; and (4) interdependence among co-conspirators." *United States v. Foy*, 641 F.3d 455, 465 (10th Cir. 2011). "[I]nterdependence exists where each co-conspirators' activities constituted essential and integral steps toward the realization of a common, illicit goal. *United States v. Edwards*, 69 F.3d 419, 431 (10th Cir. 1995) (internal quotation marks and citations omitted).

Evidence at trial demonstrated that Mr. Montijo-Dominguez voluntarily agreed to drive Mendoza-Alarcon to Albuquerque to deliver money to men they believed to be affiliated with the cartel. While Mr. Montijo-Dominguez has maintained that he did not know anything about the purchase of drugs, the Government presented evidence from which the jury could infer that he did. For example, as the Government points out, Mr. Montijo-Dominguez's actions in driving around the parking lot before arriving at the specified location of the undercover vehicle could be interpreted by the jury to be consistent with counter-surveillance, indicating that Mr. Montijo-Dominguez had experience in conducting such deals and his involvement may not have been accidental. **[Doc. 211, p. 3]** Additionally, Mr. Montijo-Dominguez and Mr. Mendoza-Alarcon both suggested that the meeting location be moved to a more private area, like a hotel room, from which the jury could infer that the Defendants were not fearful of the men, but were solely concerned with avoiding law enforcement detection. **[*Id*.]** Further, Mr. Montijo-Dominguez's actions during the meeting could have been interpreted by the jury as being inconsistent with ignorance of the involvement of drugs, as he did not appear to react with surprise or confusion when he overheard the discussion about "material," "stash," "packages," and trying out the material. **[Doc. 211, pp. 2-4]]** The jury was also permitted to infer that Mr. Montijo-Dominguez had a guilty conscience based on the fact that he ran from law enforcement. *See, e.g., United*

*States v. Martinez*, 681 F.2d 1248, 1256 (10th Cir. 1982) (It is universally conceded today that the fact of an accused's flight … [is] admissible as evidence of consciousness of guilt, and thus of guilt itself. (citation omitted)). The evidence provides sufficient support for the jury's verdict with respect to Defendant Montijo-Dominguez's agreement to participate and knowledge of the facts underlying the conspiracy.

With regard to the remaining element, interdependence, Mr. Montijo-Dominguez contends that there is no evidence of a "shared mutual benefit" as required under *United States v. Carnagie*, 533 F.3d 1231, 1238 (10th Cir. 2008) and *United States v. Evans*, 970 F.2d 663, 671 (10th Cir. 1992) because there is no evidence that "Mr. Montijo-Dominguez had any benefit in this alleged conspiracy." **[Doc. 213, p. 2]** However, the Tenth Circuit has clarified that the "shared mutual benefit" requirement of interdependency "is satisfied if the alleged coconspirators were united in a common unlawful goal or purpose and if a defendant's activities facilitated the endeavors of *another alleged coconspirator or facilitated the venture as a whole*." *United States v. Hamilton*, 587 F.3d 1199, 1208–09 (10th Cir. 2009) (emphasis in original) (internal quotation marks and citations omitted). Here, if the jury believed that Mr. Montijo-Dominguez knew about the involvement of drugs in the transaction, then his act of driving Mr. Mendoza-Alarcon to the meeting location and assisting with the hand off of the money united him with Mr. Mendoza-Alarcon in a common unlawful goal of purchasing cocaine, and it facilitated this endeavor on behalf of both his co-conspirator and the venture as a whole. *See id*. Thus, there was sufficient evidence to show interdependence between the co-conspirators.

Accordingly, sufficient evidence was presented at trial to support Defendant Montijo-Dominguez's conspiracy conviction, and the Court will deny his motion for a judgment of acquittal.

## Rule 33 Motion for New Trial

Defendant Montijo-Dominguez presents no argument supporting his request for a new trial, but requests such relief "in the interest of justice." Mr. Montijo-Dominguez does not allege any error that rendered the trial unfair, nor does he cite any newly discovered evidence that would mandate a new trial. Mr. Montijo-Dominguez's arguments concerning the sufficiency of the evidence do not support granting a new trial, because if the evidence was in fact insufficient and mandated an acquittal, a new trial would violate the Double Jeopardy Clause. *See Smith v. Massachusetts*, 543 U.S. 462, 467, 125 S. Ct. 1129, 1134, 160 L. Ed. 2d 914 (2005) ("[S]ubjecting the defendant to postacquittal factfinding proceedings going to guilt or innocence violates the Double Jeopardy Clause." (alteration in original) (citation omitted)).

Aside from Mr. Montijo-Dominguez's arguments concerning the sufficiency of the evidence, Defendant includes only one other sentence about a potential trial issue, contending that "[t]he jurors themselves, during deliberation, expressed confusion over the concept of the elements of conspiracy." **[Doc. 213, p. 2]** In support, Mr. Montijo-Dominguez cites a note from the jurors asking about which actors can be considered co-conspirators. **[*See* Doc. 198]** Upon receipt of the note, counsel for each Defendant stated that they believed the instruction was accurate and no further clarification was necessary. **[Tr. Vol. 9; pp. 2030-32]** Ultimately, the jurors found both Defendant Montijo-Dominguez and his Co-Defendant Luis Mendoza-Alarcon guilty on the conspiracy charge. Because the jurors were properly instructed on the requirement that the conspiracy involve two or more people, and they in fact found two people guilty, the conspiracy convictions cannot be deemed to have been improper as a result of jury confusion, even if the jurors also believed that law enforcement agents were additional co-conspirators. *See United States v. Barboa*, 777 F.2d 1420, 1422 (10th Cir. 1985) ("[T]here is no real agreement

when one "conspires" to break the law only with government agents or informants. The elements of the offense are not satisfied *unless one conspires with at least one true co-conspirator*." (emphasis added)). Mr. Montijo-Dominguez provides no further argument in support of his contention that a new trial is warranted in the interest of justice. Accordingly, Mr. Montijo-Dominguez's request for a new trial will be denied.

**IT IS THEREFORE ORDERED** that Defendant Giovanni Montijo-Dominguez's Motion for Judgment of Acquittal Pursuant to Rule 29, or in the Alternative, Motion for New Trial Pursuant to rule 33 of the Federal Rules of Procedure is **DENIED**. **[Doc. 206]**

_____
**UNITED STATES DISTRICT JUDGE**